ELLEN M. BRONCHETTI (SBN 226975)
PRIYA E. SINGH (SBN 342030)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Ellen.Bronchetti@gtlaw.com
Priya.Singh@gtlaw.com

Attorneys for Defendants
51st ST. & 8th AVE. CORP, LOEWS CORONADO HOTEL CORPORATION and LOEW'S HOTELS, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ROSA SOLIS, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>51st ST. & 8TH AVE. CORP., a New York corporation; LOWES CORONADO HOTEL CORPORATION, a Delaware corporation; LOEW'S HOTELS, INC., a New York corporation; and DOES 1-50, Inclusive<br><br>Defendants. | CASE NO. 37-2023-00021359-CU-OE-CTL<br><br>**DEFENDANTS 51ST ST & 8TH AVE CORPORATION, LOEWS CORONADO HOTEL CORPORATION, AND LOEW'S HOTELS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendants 51ST ST. & 8TH AVE CORPORATION, LOEWS CORONADO HOTEL CORPORATION, AND LOEW'S HOTELS, INC., ("Defendants") hereby answers the unverified Complaint ("Complaint") of Plaintiff ROSA SOLIS ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30, Defendants deny, generally and specifically, each and every allegation, statement, matter, and purported cause of action contained in Plaintiff's Complaint. In further answer to the Complaint, Defendants deny that Plaintiff and/or any members of the putative class have suffered any injury, damage, or loss in any nature or manner whatsoever by reason of any acts or omissions of Defendants.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendants have any burden of proof, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's Complaint, and the purported cause of action therein alleged, fails to state facts sufficient to constitute a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's Complaint is barred, in whole or in part, to the extent Plaintiff seeks relief for any purported claims that were not brought before the expiration of the applicable statute(s) of limitations, Code of Civil Procedure sections 337, 338, 339, 340, and 343; California Business and Professions Code section 17208; and Labor Code sections 203 and 226.

## THIRD AFFIRMATIVE DEFENSE

(Laches)

3. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches, in that Plaintiff

unreasonably delayed in bringing the action by not acting within a reasonable time in seeking the wages and/or penalties at issue, or otherwise reporting any alleged violation of wage and hour laws, and unreasonably delayed in the filing of this lawsuit, to Defendants' prejudice.

### FOURTH AFFIRMATIVE DEFENSE

(Federal Preemption)

4. Defendants allege that, to the extent Plaintiff's claims involve conduct that is, or seek remedies that are, governed or regulated by federal law, such claims are preempted.

### FIFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

5. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff lacks standing to assert each cause of action alleged in the Complaint and lacks standing to represent the putative class.

### SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

6. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel based on Plaintiff's and/or the conduct of some or all of the putative class members.

### SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

7. Defendants are informed and believe, and based upon such information and belief allege, that the Complaint and the purported causes of action alleged therein are barred by the doctrine of unclean hands.

### EIGHT AFFIRMATIVE DEFENSE

(Waiver)

8. Defendants are informed and believe that Plaintiff has waived some or all of the purported causes of action alleged in the Complaint by virtue of her prior representations, actions and inaction with respect to her rest periods and/or the wages at issue.

**NINTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

9. The Complaint, and each cause of action stated therein, is barred or limited because Defendants took reasonable steps to provide measures and procedures to prevent and correct potential wage and hour issues, Plaintiff unreasonably failed to use preventative and corrective measures and procedures that Defendants provided, and Plaintiff's reasonable use of such measures and procedures would have prevented some or all of the harm Plaintiff allegedly suffered.

**TENTH AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

10. To the extent that Plaintiff seeks equitable relief, such claims are barred because Plaintiff has an adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing to obtain equitable relief.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

11. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff and/or members of the putative class members failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against Defendants should be reduced or eliminated by such failure.

**TWELFTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust)

12. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's Complaint is barred, in whole or in part, because Plaintiff and/or members of the putative class members failed to timely and completely exhaust the requisite administrative remedies available to them under the California Labor Code and/or other provisions of applicable law prior to commencing this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

(No Knowing and Intentional Failure)

13. Defendants are informed and believe, and based upon such information and belief allege, that even assuming *arguendo* Plaintiff and/or members of the putative class were not provided with proper itemized wage statements, Plaintiff and/or members of the putative class are not entitled to recover penalties because Defendants' alleged failure to comply with California Labor Code section 226 was not a "knowing and intentional failure."

### FOURTEENTH AFFIRMATIVE DEFENSE

(Labor Code § 226 – Clerical Error/Inadvertent Mistake)

14. Defendants allege that, even assuming *arguendo* Plaintiff and/or members of the putative class were not provided with proper itemized wage statements, Plaintiff and/or members of the putative class should not recover damages or penalties because Defendants' alleged failure to comply with California Labor Code section 226(a) was the result of clerical error or inadvertent mistake.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Labor Code § 226 – Substantial Compliance)

15. Defendants are informed and believe, and based upon such information and belief allege, that, Plaintiff and/or members of the putative class are not entitled to recover any damages or penalties because Defendant substantially complied with California Labor Code section 226(a).

### SIXTEENTH AFFIRMATIVE DEFENSE

(No Willful or Intentional Violation)

16. Defendants are informed and believe, and based upon such information and belief allege, that even assuming *arguendo* Plaintiff and/or members of the putative class were not timely paid any final wages owed upon separation from employment, Plaintiff and/or members of the putative class are not entitled to recover penalties because Defendants' alleged failure to comply with California Labor Code section 203 was not willful nor intentional within the meaning of California Labor Code sections 201, 202, or 203.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Good Faith Dispute)

17. Defendants are informed and believe, and based upon such information and belief allege, that any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith, Defendants had reasonable grounds for believing that its wage payment practices complied with applicable laws, and that any such act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff and/or members of the putative class are not entitled to any penalties or damages in excess of any wages which might be found to be due. Specifically, Plaintiff cannot recover California Labor Code section 226 or section 203 civil penalties because any alleged failure to pay wages or provide compliant wage statements was based on a good faith dispute regarding the applicable law or fact.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Set-Off/Offset/Recoupment)

18. Defendants are informed and believe, and based upon such information and belief allege, that the Complaint and the purported causes of action alleged therein are subject to setoff, offset and/or recoupment to the extent Plaintiff and/or members of the putative class have already been compensated for the hours worked and/or received meal and rest break premiums for which they seek compensation here.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Bona Fide Dispute)

19. Defendants allege there exists a bona fide dispute as to whether any further compensation is actually due to Plaintiff and/or members of the putative class and, if so, the amount thereof.

**TWENTIETH AFFIRMATIVE DEFENSE**

(De Minimis)

20. Defendants allege that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendants because Defendants' acts or omissions, if any, and the alleged damages are de minimis.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Accord, Satisfaction and Release)

21. Defendants allege that Plaintiff's and/or members of the putative class claims are barred by accord and satisfaction, release, and/or settlement.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 *et seq.* – Failure to Allege Facts with Reasonable Particularity)

22. Defendants allege that Plaintiff's purported cause of action for unfair, unlawful and/or fraudulent business practices under California Business and Professions Code section 17200 *et seq.* is barred and/or limited by law because Plaintiff has failed to state with reasonable particularity the facts supporting the statutory elements of the alleged violation.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 *et seq.* – Practices Not Unfair, Unlawful or Fraudulent)

23. Defendants allege that Plaintiff's purported cause of action for unfair, unlawful and/or fraudulent business practices under California Business and Professions Code section 17200 *et seq.* is barred and/or limited by law because any purported practice by Defendants were not unfair, unlawful, or fraudulent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 *et seq.* – No Continuing Violation)

24. To the extent the Complaint seeks to enjoin Defendants from engaging in alleged unfair, unlawful and/or fraudulent business actions or practices, if any, such claims are moot because, assuming *arguendo* that Defendants engaged in any such actions or business practices, Defendants have since discontinued, modified, and/or corrected its policies and practices and no longer engage in the alleged conduct.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Business & Professions Code § 17200 *et seq.* – Defense Against "Borrowed" Law)

25. Defendants allege that the Complaint's purported cause of action for unfair, unlawful and/or fraudulent business practices is barred and/or limited by law because Plaintiff fails to state facts

sufficient to constitute claims upon which relief can be granted against Defendants and from which Plaintiff's unfair, unlawful and/or fraudulent business practices claim "borrows," and/or Defendants have complied with the underlying laws for which Plaintiff's unfair, unlawful and/or fraudulent business practices claim seeks redress.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Binding Arbitration)

26. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's Complaint is barred, in whole or in part, because the claims alleged may be subject to a mandatory and binding arbitration agreement between Defendants and Plaintiff and/or between Defendants and some or all of the putative class members, and therefore may not be litigated in court.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to State a Claim for Attorneys' Fees and Costs)

27. Defendants allege that the Complaint fails to state a claim for attorneys' fees and costs under California Labor Code section 1194, California Civil Code section 1021.5, California Business and Professions Code section 17200 *et seq.*, or any other basis.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Lack of Irreparable Injury)

28. Defendants allege that Plaintiff and/or members of the putative class are not entitled to injunctive relief as Plaintiff and/or members of the putative class have not suffered any irreparable injury.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

29. Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff's Complaint is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### THIRTIETH AFFIRMATIVE DEFENSE

(Labor Management Relations Act [Taft-Hartley Act] § 301 Preemption)

30. Defendants are informed and believe, and based upon such information and belief allege, that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained

against Defendants because Defendants allege that Plaintiff's and/or putative class members' state law claims arise out of or require interpretation of a collective bargaining agreement and are therefore preempted by Section 301 of the Labor Management Relations Act (Taft-Hartley 8 Act), 29 U.S.C. §

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(National Labor Relations Act Preemption)

31.     Defendants allege that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendants because Plaintiff's claims are preempted by the National Labor Relations Act.

### RESERVATION OF RIGHT TO AMEND ANSWER

Defendants hereby gives notice that it intends to rely on such other and further defenses as may become available during investigation and discovery in this action. Defendants expressly reserve the right to amend the Answer to assert any such defenses.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by her unverified Complaint;
2. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;
3. That the Complaint be dismissed in its entirety with prejudice;
4. That Defendants be awarded reasonable attorneys' fees according to proof;
5. That Defendants be awarded the costs of suit incurred herein; and
6. That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.

DATED: June 21, 2023                           GREENBERG TRAURIG, LLP

By _____
ELLEN M. BRONCHETTI
PRIYA E. SINGH

Attorneys for Defendants
51ST ST. & 8TH AVE CORPORATION
LOEWS CORONADO HOTEL CORPORATION and
LOEW'S HOTELS, INC.

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **101 Second Street, Suite 2200, San Francisco, California 94105-3668.**

**On June 21, 2023, I served the following:**

**DEFENDANT'S ANSWER TO COMPLAINT**

| | |
|---|---|
| JCL Law Firm APC<br>Jean-Claude Lapuyade, Esq.<br>Sydney Castillo Johnson, Esq.<br>Monnett De La Torre, Esq.<br>5440 Morehouse Drive, Suite 3600<br>San Diego, California 92121<br>jlapuyade@jcl-lawfirm.com<br>scastillo@jcl-lawfirm.com<br>mdelatorre@jcl-lawfirm.com | Zakay Law Group, APLC<br>Shani O. Zakay, Esq.<br>5440 Morehouse Drive, Suite 5400<br>San Diego, California 92121<br>shani@zakaylaw.com |

☒ **(BY UPS OVERNIGHT)**
I caused a true copy of the foregoing document to be served by UPS Overnight mail at the addresses set forth above.

☒ **(BY EMAIL)**
I caused a true copy of the foregoing document to be served by e-mail at the e-mail addresses set forth above. Each email was complete and no reports of error were received.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 21 , 2023, at San Francisco, California.

_____
Signature

Karen D. Davis
_____
Print Name

\